UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERRIAN LEWIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:22-CV-240-KAC-SKL |
| | ) |
| VERIZON, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING PLAINTIFF'S CLAIMS**

Because Plaintiff failed to comply with this Court's Order [Doc. 4] and Local Rules, the Court dismisses Plaintiff's claims with prejudice. Plaintiff filed this action on September 21, 2022 [Doc. 1]. Plaintiff failed to timely serve Defendant [Doc. 4]. *See* Fed. R. Civ. P. 4(m). On February 9, 2023, the Court ordered Plaintiff "to show cause why the Court should not dismiss the matter without prejudice under Rule 4(m)" [Doc. 4 at 1 (emphasis omitted)]. The Court warned that "[f]ailure to timely respond [to the Court's Order] will result in dismissal of this action" with prejudice under Rule 41(b) [*Id.*]. Plaintiff has not responded to the Court's Order, and the time to do so has passed.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute [an action] or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Additionally, Local Rule 83.13 provides that it "is the duty of any party

not represented by counsel to . . . monitor the progress of the case, and to prosecute or defend the action diligently. . . . The failure of a *pro se* plaintiff to timely respond to an order . . . may result in dismissal of the case or other appropriate action." E.D. Tenn. L.R. 83.13. The Sixth Circuit has provided:

> [w]hen contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

On this record, the Court is compelled to dismiss Plaintiff's claims. Plaintiff has willfully failed to comply with the Court's Order and Local Rules and failed to prosecute this action. Defendant has not received legal notice of the suit against it. The Court expressly warned Plaintiff that "[f]ailure to timely respond [to its Order] will result in a dismissal of this action" under Rule 41(b) [Doc. 4 at 1]. Given Plaintiff's failure to comply with the Court's Order and Local Rules and Plaintiff's failure to prosecute this action, a less drastic sanction is not appropriate. *See Link*, 370 U.S. at 633-34 (affirming the *sua sponte* dismissal of a complaint where plaintiff's counsel had a history of delay in the case).

Accordingly, the Court **DISMISSES** Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate judgment shall issue.

IT IS SO ORDERED.

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

2